# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN B. PEGRAM,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>U.S. DEPARTMENT OF TRANSPORTATION,  )<br>    Defendant.  )<br>_____) | Civil Action No.<br><br>VERIFIED COMPLAINT |

1. This is a civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking an order to compel prompt production of records sought by Plaintiff from Defendant by the request-in-issue (Request).

2. Exhibit 1 is a copy of the Request.

3. The Request stated, in pertinent part:

   > Please produce electronic copies of all written communications and documents exchanged since October 1, 2021 between the U.S. Department of Transportation (DOT) and the Port Authority of New York and New Jersey (Port Authority NYNJ) regarding funding and/or environmental review of the Cross Harbor Freight Project

4. Plaintiff, *pro se*, is John B. Pegram, who resides at 496 1st Street, Brooklyn, NY 11215.

5. Plaintiff is a member of the bar of the State of New York and a member of the bar of this court.

6. Defendant is the United States Department of Transportation (USDOT),

7. The Federal Highway Administration (FHWA) is a component of USDOT.

8. Jurisdiction is proper in this court and its Brooklyn division because Plaintiff is a resident of this district and division. *See* 5 U.S.C. § 552(a)(4)(B).

1

9. This court has subject matter jurisdiction of this civil action pursuant to 5 U.S.C. §§ 552(a)(4)(B) & 552((a)(6)(C) (FOIA), and 28 U.S. Code § 1331 (federal question).

10. Plaintiff is the author and publisher of BQ Rail at https://bqrail.substack.com, where he publishes articles about rail transportation in the New York City area, especially with respect to the proposal by the Metropolitan Transportation Authority (MTA) for a new transit line called the Interborough Express (IBX).

11. No charge is made for access to the BQ Rail articles.

12. Plaintiff has no commercial interest in connection with the Request.

**Background**

13. The FOIA Request that is the subject of this civil action arises out of Plaintiff's interest in commenting in BQ Rail articles on the Cross Harbor Rail Freight Program (CHFP) proposed by the Port Authority of New York and New Jersey (Port Authority), and on the Metropolitan Transportation Authority's (MTA) proposed Interborough Express (IBX) transit line.

14. A Port Authority subsidiary, NYNJ Rail, currently has a carfloat operation transporting freight railcars between New Jersey and Bay Ridge Brookyln, where NYNJ Rail connects with freight operations on the freight-only Bay Ridge Branch of the Long Island Railroad (LIRR).

15. The CHFP proposes to either enhance existing carfloat operations or build a new freight rail tunnel between New Jersey and Bay Ridge.

16. Both the IBX and CHFP projects would share an existing freight rail right of way (ROW), consisting of the LIRR Bay Ridge Branch right-of-way (ROW) in Brooklyn and Queens, and the CSX Fremont Secondary in Queens.

17. The FHWA issued its Tier 1 Record of Decision at the completion of the Tier 1 Environmental Impact Statement (EIS) for the CHFP in December 2015.

18. Upon information and belief, a Tier 2 EIS is required before the CHFP project can proceed.

19. Upon information and belief, preparation of the CHFP Tier 2 EIS stalled due to lack of funding.

20. On January 5, 2022, NY Governor Kathy Hochul announced plans to move forward with the Interborough Express (IBX) transit project as part of her 2022 State of the State address. The press release on this announcement concluded by saying, "Governor Hochul is also directing the Port Authority to complete environmental review for the Cross Harbor Rail Freight Tunnel." *See* https://www.governor.ny.gov/news/governor-hochul-announces-plans-move-forward-major-new-expansion-transit-service-brooklyn-and

21. A Port Authority press release dated February 3, 2022, stated, *inter alia*:

> Governor Kathy Hochul and Congressman Jerry Nadler today announced the Port Authority of New York and New Jersey will resume preparation of a Tier 2 Environmental Impact Statement (EIS) on the Cross Harbor Freight Movement Program. As part of the review, the EIS will look at how the Cross Harbor Rail Freight project would work in concert with the Interborough Express transit line, which was announced by Governor Hochul as part of her 2022 State of the State.
>
> With the help of Representative Jerrold Nadler, federal funds from the Federal Highway Administration (FHWA) have been repurposed to immediately resume the preparation of a Tier 2 EIS that will perform the legally required, more detailed analysis of the environmental effects. The EIS will also analyze potential mitigation measures for two preferred alternatives identified in the prior Tier 1 study to reduce the current dependence on trucks to move freight across New York Harbor.

22. A copy of that press release is attached as Exhibit 2.

23. On May 16, 2024, Plaintiff published his article "No Activity on the Cross Harbor Rail Freight Tunnel Project," which describes Plaintiff's investigation of CHFP activity up to that date.

24. A copy of that article is attached hereto as Exhibit 4 and incorporated herein by reference.

25. In May 2024, Plaintiff made several telephone and Email inquiries to the Federal Highway Administration Press Office regarding the status of FWHA funding for the NY-NJ Cross Harbor Freight Program, but did not receive any substantive response before publication of his article.

26. On June 3, 2024, Plaintiff received the response of the Federal Highway Administration Press Office as follows, "The U.S. Department of Transportation (DOT), including the Federal Highway Administration (FHWA), has been working with the Port Authority of New York and New Jersey (PANYNJ) to understand fully the funding and environmental review needs of the Cross Harbor Freight Project."

**The Request and Related Communications**

27. On September 19, 2024, Plaintiff filed the FOIA request-in-issue (Request) by Email. (Exhibit 1).

28. Exhibit 3 to this Complaint, incorporated herein by reference, comprises chronologically arranged texts of Emails and a letter between Plaintiff and USDOT concerning the Request. It omits out-of-office messages, thank-you messages and acknowledgments of receipt of messages.

29. An Email from a USDOT FOIA Officer on September 20, 2024 stated, *inter alia*, "I will process your request." (Exhibit 3, p. 2).

30. Emails and a letter from the USDOT FOIA Officer on September 23, 2024 formally acknowledged receipt of the Request, with the letter stating that the Request had been assigned FOIA Control Number 2024-0372. (Exhibit 3, pp. 2-4).

31. That letter indicated that responsive records were likely to be at the FHWA New York or New Jersey divisions.

32. The FOIA specifies that an agency shall determine within 20 business days after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i).

33. In particular, such a determination is required to "at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *See Rolling Stones LLC v. DOJ*, 2024 U.S. Dist. LEXIS 148293 at *4, 2024 WL 3862521 (SDNY 2024), *quoting Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86 (DC Cir. 2013).

34. Twenty business days from the USDOT's acknowledgment of Plaintiff's Request expired on October 22, 2024, without any determination having been issued.

35. Beginning on October 29, 2024, Plaintiff repeatedly contacted the USDOT FOIA staff regarding the status of the response to the Request, by Emails (all of which that Plaintiff can locate are in Exhibit 3) and telephone calls. (*See* Exhibit 3, p. 4 *et seq.*).

36. An Email from USDOT on October 30, 2024 stated "Status update: The FHWA New York Division (HDA-NY) should reach out to you further on your request. However, you are more than welcome to contact them as well." (Exhibit 3, p. 6).

5

37. On December 20, 2024, a USDOT FOIA Specialist sent an Email to Plaintiff, stating, *inter alia*, "This is to inform you that the FHWA New York Division (HDA-NY) currently is processing your Freedom of Information Act (FOIA) request listed above." (Exhibit 3, p. 8).

38. That Email purported to extend the time period for response by ten business days, in light of alleged "unusual circumstances." (Exhibit 3, p. 8).

39. That Email was boiler plate, merely reciting the statutory requirements for "unusual circumstances."

40. While the cited statute (5 U.S.C. § 552(a)(6)(B)(I)) permits an ***extension*** of the initial twenty day period, *i.e.*, to a total of thirty business days from receipt of a request, USDOT lacked authority to extend the time period beyond thirty business days from receipt of a request

41. Even if the extension were permissible, ten business days from December 20, 2024 expired on January 7, 2025, without any determination having been issued.

42. The USDOT FOIA Specialist, who upon information and belief was based in Washington, DC, reported on January 8, 2025, "Our office has received the records from the New York Division. The records are currently being reviewed by the FOIA Team." (Exhibit 3, p. 9).

43. The USDOT FOIA Specialist reported on January 21, 2025, "We received the records and they are being reviewed. I do not have a date of completion yet." (Exhibit 3, p. 10).

44. Then, on January 23, 2025, the USDOT FOIA Specialist wrote to Plaintiff, "I will have completed a review of the records from the FHWA New York Highway Division. A final

review of the records has been submitted to the FOIA Team for a final review." (Exhibit 3, p. 10).

45. Because those records have been collected and submitted for final review over six months ago, there should be no further delay in producing them to Plaintiff.

46. On February 7, 2024, the USDOT FOIA Specialist wrote to Plaintiff, purporting to extend the time period for response by thirty business days, in light of alleged "unusual circumstances." (Exhibit 3, p. 12).

47. That Email was boiler plate, merely reciting the statutory requirements for "unusual circumstances," and not tailored to the status of the processing of Plaintiff's Request.

48. In particular, the assertion in that Email of a need to search for and collect records is inconsistent with prior messages from the DOT FOIA Specialist, stating that her office had received the records and had submitted them for final review. (*See* paragraphs 42 and 44 above).

49. USDOT lacked authority for a second extension of time to issue its determination on a FOIA and lacked authority for a thirty business day extension before issuing a determination.

50. Even if thirty business days were permissible, thirty business days from February 7, 2025 expired on March 24, 2025 without any determination having been issued.

51. US DOT did not notify plaintiff of its determination on his Request at any time prior to filing of the Complaint in this civil action.

52. On March 10, 2025, Plaintiff requested an update from the USDOT FOIA Specialist, who responded on the same day, "I am forwarding your request to the FOIA Team Lead for a status update." (Exhibit 3, p. 14).

53. On March 12, 2025, the USDOT FOIA Specialist further responded, "Mr. Pegram we are currently reviewing the records that may be responsive. We do have a backlog, but we're doing our best to respond to his request as quickly as we can." (Exhibit 3, p. 14).

54. On March 24, 2025, Plaintiff requested an update from the USDOT FOIA Specialist, who responded on the same day, "Mr. Pegram we are currently reviewing the records that may be responsive. We do have a backlog, but we're doing our best to respond to his request as quickly as we can."

55. USDOT has not responded by Email to Plaintiff's status inquiries since March 2025.

56. USDOT has not exercised due diligence in responding to Plaintiff's Request.

57. None of the requested records are exempt from production as inter-agency or intra-agency records because the Request was limited to written communications and documents exchanged between the USDOT and Port Authority, which is not a federal agency. *See DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001).

58. Plaintiff is exempt from payment of FOIA fees because "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(4)(A)(iii).

59. Plaintiff is exempt from payment of FOIA fees because Defendant has failed to comply with applicable time limits. 5 U.S.C. § 552(4)(A)(iii).

60. Plaintiff is entitled to prompt production of all requested records without redactions.

61. Because of Defendant's delays in responding to Plaintiff's Request, the Court should order production of all requested records existing prior to the date of its order.

62. Plaintiff is entitled to award of reasonable attorney's fees and costs.

THEREFORE, Plaintiff requests that this Court:

1. Order production of all of the requested records up until the date of the Court's order, to be produced without redactions and without payment of fees by Plaintiff, within ten business days of the court's order;

2. Award reasonable attorney's fees and costs in this civil action to Plaintiff; and

3. Grant of such other relief as may be just and proper.

Dated: August 18 , 2025

Respectfully submitted,

/John B. Pegram/
John B. Pegram, *pro se*
496 1st Street
Brooklyn, NY 11215
718-499-8999
jbpegram@earthlink.net

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2025.

/John B. Pegram/
John B. Pegram